UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEIBOWITZ, *et al.*, | : | Case No. 1:07-cv-731 |
| | : | |
| Plaintiffs, | : | Weber, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| RICHARD DRAKE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION BE GRANTED AND THIS CASE BE DISMISSED WITHOUT PREJUDICE.**

This civil action is before the Court upon defendants Richard Drake's and Karen Drake's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure. (Doc. 12.) Plaintiffs have filed a memorandum *contra* (Doc. 16), and defendants have filed a reply (Doc. 19).

The plaintiffs bring the civil action asserting claims against the Drakes for interference with a contract to sell a dry cleaning business, and, in relation thereto, for fraud, conspiracy, and breach of contract. All of these claims arise out of a written Agreement which provides that:

> [The parties] "jointly agree that, should any legal action by either, any or all parties be brought forward, that the same will be brought in the appropriate state court of the State of Ohio in Butler County, Ohio." (*See* Doc. 12, Ex. A).

Despite this clear provision of the Agreement, plaintiffs filed this lawsuit in this federal court.

This Court, pursuant to law, regularly enforces commercial contract forum selection clauses. *Wm. R. Hague, Inc. v. Sandburg*, 468 F.Supp.2d 952 (S.D. Ohio 2006). Indeed, the United States Supreme Court has repeatedly stressed the propriety and importance of enforcement of forum selection clauses. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972).

All of the plaintiffs' claims arise from the contract between these parties. The Agreement requires all disputes to be filed with the Ohio state courts. Accordingly, jurisdiction appropriately resides only with the state courts in Butler County, Ohio.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Enforcement of the forum selection clause in this case is not "fundamentally unreasonable." *Bremen, supra*. Mere generalized allegations of fraud do not vitiate the forum selection clause, and, here, even the allegations of fraud do not state that the forum selection clause itself was imposed based upon fraud. Indeed, plaintiffs themselves drafted the Agreement which contains the forum selection clause. Moreover, whether or not this case is "related" to another case previously pending in this Court does not render the forum selection clause "fundamentally unreasonable" and unenforceable.

Instead, the law is absolutely clear: a valid forum clause should be enforced.

Accordingly, the undersigned hereby RECOMMENDS that defendants' motion to dismiss for lack of subject matter jurisdiction based on the forum selection clause should be granted, and this case should be dismissed without prejudice.

Date: 6/25/08                               **/s/Timothy S. Black**

                                            Timothy S. Black
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEIBOWITZ, *et al.*, | : | Case No. 1:07-cv-731 |
| | : | |
| Plaintiffs, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| RICHARD DRAKE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).